IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| CLARENDON REGENCY IV, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Case No. 1:20-cv-01433 (RDA/IDD) |
| | ) | |
| EQUINOX CLARENDON, INC., | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

This matter comes before the Court on Defendant Equinox Clarendon, Inc.'s Motion to Dismiss for Lack of Subject Matter Jurisdiction for Failure to Join a Necessary and Indispensable Party, pursuant to Federal Rule of Civil Procedure 12(b)(7). Dkt. 17. Considering the Motion together with Defendant's Memorandum in Support (Dkt. 18); Plaintiff Clarendon Regency IV, LLC's Opposition to the Motion (Dkt. 25); and Defendant's Reply in further support of the Motion (Dkt. 26), it is hereby ORDERED that Defendant's Motion to Dismiss (Dkt. 17) is DENIED.

I.      BACKGROUND

Plaintiff filed this matter on November 19, 2020, generally alleging that Defendant breached certain conditions of a commercial lease ("Lease") relating to the construction and operation of a fitness club in Arlington, Virginia. *See generally* Dkt. 1. Under the Lease, Defendant agreed to operate an "upscale, full-service prototypical Equinox Fitness Club for a term of at least fifteen (15) years." *Id.* at 2. Plaintiff alleges, however, that Defendant failed to perform certain obligations under the Lease prior to opening the fitness club, breaching the Lease. *Id.* at 3-7. Of particular relevance to Defendant's Motion to Dismiss, the Lease also indicates that the entity "Equinox Holdings, Inc.," a nonparty to this action, is a "Guarantor" to Defendant's

obligations under the Lease. Dkt. 1-1 at Article 1.1(k). Equinox Holdings, Inc. ("Equinox Holdings") is the parent company of Defendant and is a corporate citizen of Delaware. Dkt. 18 at 8. The guaranty states in part that Equinox Holdings "absolutely, unconditionally and irrevocably guarantees" the obligations of Defendant, including the work to be performed under the Lease and the payment of rent. Dkt. 1-2.

Under the terms of the Lease, both Plaintiff and Defendant agreed to perform certain obligations prior to opening the fitness club. Dkt. 1 at 2-3. As landlord, Plaintiff agreed to "make significant structural and architectural alterations and modifications to the approximately 68,459 square foot building" where the fitness club was to be located. *Id*. As tenant, Defendant was to provide Plaintiff with construction work plans within ninety days after receiving Plaintiff's final construction drawings. *Id*. at 3. Defendant was also required to obtain necessary construction permits and perform certain construction work of its own on the building. *Id*.

On or about March 19, 2019, Plaintiff alleges that it provided Defendant with final construction drawings, thus triggering Defendant's obligation to submit its own work plans to Plaintiff within ninety days. *Id.* Plaintiff alleges that Defendant failed to diligently pursue and obtain all permits required for the work or submit plans as agreed under the Lease, and eventually, on March 19, 2020, that Defendant's Vice President advised Plaintiff that "all of [Equinox's] construction and development projects" were being placed on hold because of the threat of COVID-19. *Id*. at 4. On July 9, 2020, Plaintiff sent Defendant a letter advising the company that it had failed to perform its obligations under the Lease and was in default. *Id*. at 6.

Plaintiff filed this matter on November 19, 2020, alleging one count for breach of contract. *Id*. at 8. The same day, Plaintiff filed a Motion for Summary Judgment. Dkt. 2. On February 10, 2021, the Court granted Defendant's unopposed motion to stay the briefing on Plaintiff's Motion

for Summary Judgment (Dkt. 2) pending the Court's decision on Defendant's Motion to Dismiss, which is currently before the Court.[1]

In support of the Motion to Dismiss, Defendant generally argues that the Court should dismiss this case for failure to join Equinox Holdings as a "necessary and indispensable" party under Federal Rule of Civil Procedure 19. Dkt. 18. Defendant also argues that the reason Plaintiff did not name Equinox Holdings as a defendant in this suit was because doing so would destroy diversity of citizenship, as Plaintiff and Equinox Holdings are both corporate citizens of Delaware. *Id.* at 5. Plaintiff responds that Equinox Holdings, as a guarantor to the Lease, is not a "necessary party" because Plaintiff and Defendant are the sole parties to the Lease. Dkt. 25 at 1.

## II.     STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(7) provides that a party may move for dismissal when a "necessary" party has not been joined as required under Federal Rule of Civil Procedure 19. The Court's analysis of a Rule 12(b)(7) motion is a two-step inquiry. First, the Court must determine whether the party is "necessary" to a proceeding because of its relationship to the matter under Rule 19(a). *Owens-Ill., Inc. v. Meade*, 186 F.3d 435, 400 (4th Cir. 1999). Federal Rule of Civil Procedure 19(a) sets forth those persons that are to be joined "if feasible," including a person who is subject to service of process and whose joined will not deprive the court of subject-matter jurisdiction, if:

> (A) in that person's absence, the court cannot accord complete relief among existing parties, or
>
> (B) that person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may:

---

[1] An order setting a briefing scheduled on Plaintiff's Motion for Summary Judgment (Dkt. 2) will be forthcoming.

> (i) as a practical matter impair or impede the person's ability to protect that interest; or
>
> (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a).

If the missing party is "necessary" but cannot be joined under Rule 19(a), then the Court must analyze "whether the proceeding can continue in [that party's] absence, or whether it is indispensable pursuant to Rule 19(b) and the action must be dismissed." *Owens*, 186 F.3d at 440. To that end, Federal Rule of Civil Procedure 19(b) dictates that the Court must consider "whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed." The rule also provides that a court should consider the following factors:

> (1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties;
>
> (2) the extent to which any prejudice could be lessened or avoided by:
> > (A) protective provisions in the judgment;
> > (B) shaping the relief; or
> > (C) other measures;
>
> (3) whether a judgment rendered in the person's absence would be adequate; and
>
> (4) whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder.

Fed. R. Civ. P. 19(b)(1)-(4).

The party asserting the Rule 12(b)(7) defense bears the burden of showing that a person not joined is necessary and indispensable under Rule 19. *Am. Gen. Life & Accident Ins. Co. v. Wood*, 429 F.3d 83, 92 (4th Cir. 2005). In general, however, "[c]ourts are loath to dismiss cases based on nonjoinder of a party, so dismissal will be ordered only when the resulting defect cannot be remedied and prejudice or inefficiency will certainly result." *Owens*, 186 F.3d at 441; *see also*

4

*Nat'l Union Fire Ins Co. of Pittsburgh, PA v. Rite Aid of S.C., Inc.*, 210 F.3d 246, 250 (4th Cir. 2000) (recognizing that Rule 19 dismissal "is a drastic remedy . . . which should be employed only sparingly.") (internal quotation omitted).

## III.    ANALYSIS

The Court's two-step inquiry begins with the determination of whether Equinox Holdings qualifies as a "necessary" party under Rule 19(a).  Defendant argues that Equinox Holdings is a necessary party because, as guarantor to Defendant's obligations under the Lease, it has an interest in the subject of this action and the adjudication of this matter without Equinox Holdings' presence will impair its ability to protect those interests.  Dkt. 18 at 13-14.  Specifically, Defendant argues that Equinox Holdings has a direct pecuniary interest in the outcome of the case because it has "unconditionally guaranteed" Defendant's performance under the Lease, including the payment of rent.  *Id*. at 13.  Defendant also argues that Equinox Holdings' interests would be impaired because adjudication of this case could have a *res judicata* effect on any subsequent action by Plaintiff to collect a judgment from Equinox Holdings or could be subjected to inconsistent rulings in different forums.  *Id*. at 14-16.[2]

Plaintiff responds that Equinox Holdings' status a guarantor to the Lease does not make it a "necessary" party under Rule 19(a) because it not a party to the Lease.  Dkt. 25 at 4.  More specifically, Plaintiff argues that a guaranty is a legally distinct document, and litigation of the Lease does not require the Court to also determine the obligations of Equinox Holdings'

---

[2] Defendant notes that any suit Plaintiff brings against Equinox Holdings would need to be filed in Virginia state court, because Equinox Holdings and Plaintiff are corporate citizens of the same state.

obligations under the guaranty.  *Id.* at 15.[3]  In reply, Defendant argues that the guaranty agreement is more than a "run of the mill promise to pay" because it includes specific promises that Defendant will perform the work required under the Lease, which forms the basis of Plaintiff's breach of contract claim.  Dkt. 26 at 5.

The Court agrees with Plaintiff that Equinox Holdings' status as a guarantor to the Lease does not make it a "necessary" party under Federal Rule of Civil Procedure 19(a).  In *Pillar v. Post*, No. DKC 18-3761, 2020 WL 1158583, at *3 (D. Md. Mar. 10, 2020), the district court specifically held, applying the Fourth Circuit's Rule 19(a) standards, that "neither joint tort-feasors, nor guarantors, nor indemnitors are considered 'necessary' parties under Rule 19."  The Court finds the *Pillar* decision persuasive, particularly when considering the well-established, independent nature of guarantor agreements generally.  *Fed. Nat. Mortg. Ass'n v. CG Bellkor, LLC*, 980 F. Supp. 2d 703, 715 (E.D. Va. 2013) ("A guaranty exists as 'an independent contract, by which the guarantor undertakes, in writing, upon a sufficient undertaking, to be answerable for the debt, or for the performance of some duty, in case of failure of some other person who is primarily liable to pay or perform.'") (quoting *McDonald v. Nat'l. Enters., Inc.*, 547 S.E.2d 204, 207 (Va. 2001)).  Defendant argues that Equinox Holdings' interest in the case is different from those in a typical guarantor agreement because the guaranty executed by Equinox Holdings is "expressly incorporated" into the Lease and provided "extensive assurances."  *See* Dkt. 26 at 8-9. The Court finds this argument unavailing.  Equinox Holdings' "interest" in this case—essentially, that it would be liable for the damages caused by Defendant's alleged breach of the Lease—is not

---

[3] Plaintiff adds the additional argument that Defendant and Equinox Holdings have, under the Lease and the guaranty, each irrevocably waived the right to require Plaintiff to pursue its remedies in any manner or particular order.  Dkt. 25 at 5-6.  Because the Court determines that Equinox Holdings is not a necessary party under Rule 19(a), it need not address this argument.

unlike that of an indemnitor or joint tort-feasor, which courts have routinely held to be unnecessary parties for purposes of Rule 19(a).  *See Sullivan v. Starwood Hotels and Resorts Worldwide, Inc.*, 949 F. Supp. 2d 324, 331 n.26 (D. Mass. 2013) (collecting cases holding that joint tortfeasors are not necessary parties under Rule 19(a)); *see also* Fed. R. Civ. P. 19(a) advisory committee's note that "a tortfeasor with the usual 'joint-and-several' liability is merely a permissive party to an action against another with like liability."  Because the Court concludes that Equinox Holdings is not a necessary party under Rule 19(a), it need not reach the parties' arguments regarding whether Rule 19(b) requires dismissal.

## IV.   CONCLUSION

For the foregoing reasons, it is hereby ORDERED that Defendant's Motion to Dismiss (Dkt. 17) is DENIED.

It is SO ORDERED.

Alexandria, Virginia
September 30, 2021

_____ /s/
Rossie D. Alston, Jr.
United States District Judge

7