**Exhibit A**

139539.00450/129077449v.1

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(Alexandria Division)

| | |
|---|---|
| CLARENDON REGENCY IV, LLC, | ) |
| | ) |
| Plaintiff/Counter-defendant, | ) |
| | ) |
| v. | ) Civil Case No. 1:20-cv-1433 (RDA/IDD) |
| | ) |
| EQUINOX CLARENDON, INC., | ) |
| | ) |
| Defendant/Counterclaimant. | ) |
| | ) |

**DEFENDANT/COUNTERCLAIMANT EQUINOX CLARENDON, INC.'S
MEMORANDUM OF LAW IN SUPPORT OF
<u>MOTION TO FILE DOCUMENT UNDER SEAL</u>**

COMES NOW Defendant/Counterclaimant Equinox Clarendon, Inc. ("Equinox"), and hereby submits this memorandum of law in connection with its request to seal a document designated as confidential by Plaintiff/Counter-Defendant Clarendon Regency IV, LLC, in connection with Equinox's opposition to Regency's Motion for a Protective Order (Dkt. No. 100) (the "Opposition"). A copy of the document at issue, a lease agreement between Regency and LTF Lease Company, LLC d/b/a/ Life Time, dated July 9, 2021 (the "Lifetime Lease"), was filed on PACER on August 3, 2022 and is annexed to the Opposition as Exhibit C.[1]

### RELEVANT BACKGROUND AND ARGUMENT

For the sake of brevity, Equinox refers the Court to it's Opposition for a full recitation of the facts.

On January 4, 2022, the Court entered a Confidentiality Agreement and Protective Order under which parties and non-parties could designate certain documents produced in this litigation as CONFIDENTIAL or ATTORNEY'S EYES ONLY. (Dkt. No. 61.) (the "Protective Order."). Pursuant to § E(2) the Protective Order, any documents marked as such must be filed with the Clerk of Court under seal in accordance with the procedures set forth in Local Rule 5. As with Local Rule 5, that procedure does not restrict the use of the confidential material at trial. *Id.* at D(3).

In discovery, apparently due to a contractual confidentiality provision, Plaintiff produced a redacted version of the LifeTime Lease and marked it CONFIDENTIAL under the Protective Order. Following additional discussions between the parties based on Equinox's counsel need to

---

[1] On August 4, 2022, the date Regency's counsel raised this issue, the undersigned's office contacted the clerk's office and asked if the exhibit could be temporarily sealed on PACER. The clerk's office indicated that they were unable to, and suggested we contact PACER. The undersigned's office also contacted PACER and PACER indicated that they were unable to do so either, and that any modifications were at the discretion of the Court.

139539.00450/129077449v.1

review the entire lease to assess Equinox's mitigation of damages defense, Regency produced an unredacted copy of the lease marked ATTORNEY'S EYES ONLY.

On or around June 24, 2022, following the exchange of the parties' proposed trial exhibit lists, Regency filed a motion requesting that Equinox be prohibited from using or introducing the unredacted Lifetime Lease at trial, but consented to using the redacted version at trial. *See* Dkt. No. 84, the "Motion for Protective Order," where, on p. 7, Plaintiff stated "The relevancy, if any, of the LTF Lease Terms to this dispute begins and ends with the terms that are necessary to determine the mitigation of Regency's damage – which have been provided and can be presented using the redacted version of the LTF Lease."

For reasons unknown, even though the LifeTime Lease formed the basis for Regency's Motion for Protective Order, Regency did not file either version of the lease with the Court, under seal or otherwise. In opposition to Regency's Motion for Protective Order, Equinox filed the redacted version (as Exhibit C to it's Opposition), under the belief that Regency no longer objected to its public use and because it was obviously necessary for the Court to review to decide the motion.

However, the next day, August 4, 2022, Regency demanded that a motion to seal be filed with respect to the entire redacted version of the Lifetime Lease (that Regency should have taken the initiative to file when it filed its Motion for a Protective Order) and reserved "all rights and remedies arising out of any violation of the Protective Order." Equinox attempted to negotiate a resolution with Regency, mindful of Local Rule 5's disfavor of seal motions and the expectation that the scope of seal requests be kept to a minimum. Equinox advised Regency that it acted was under the belief that Regency was not objecting to the public use of the redacted version. Regency responded that trial exhibits are not filed on PACER, so the consideration is different, and that the

7

redacted Lifetime Lease should not have been filed on PACER and that a seal motion was necessary.

Given the dispute and the requirements under the Protective Order and Local Rules, Equinox proceeded to file this motion, but, in doing so, is not acknowledging that any version of the Lifetime Lease should be sealed. In addition, Regency's inconsistent arguments and positions with respect to the various versions of the LifeTime Lease undercut the arguments in their Motion for a Protective Order. They can't have it both ways – does Regency wish to conceal the Lifetime Lease from the public, or is Regency looking to conceal it from Equinox, as a competitor, as it argued in its Motion for Protective Order? Is Regency trying to conceal the Lifetime Lease from the Court by omitting it from its motion? On these bases alone, Regency's Motion for Protective Order should be denied, and Equinox refers the Court to its Opposition for comprehensive discussion of why the Lifetime Lease should not be sealed.

As set forth in Local Civil Rule 5, Equinox defers to Regency to file a response to this motion, as the party requesting continued confidential treatment, setting forth: (1) a statement why sealing is necessary, and why another procedure will not suffice, as well as appropriate evidentiary support for the sealing request; (2) references to the governing case law, an analysis of the appropriate standard to be applied for that specific filing, and a description of how that standard has been satisfied; (3) unless permanent sealing is sought, a statement as to the period of time the party seeks to have the matter maintained under seal and how the matter is to be handled upon unsealing and (4) a proposed order.

8
139539.00450/129077449v.1

Respectfully submitted,

 /s/  *Victoria Ortega*
Victoria Ortega (VSB # 88957)
Kierstan L. Carlson (VSB # 81939)
BLANK ROME LLP
1825 Eye Street, N.W.
Washington, D.C. 20006
Tel: (202) 772-5862
Fax: (202) 572-1404
Kierstan.Carlson@BlankRome.com
Victoria.Ortega@BlankRome.com

Andrew Hambelton (admitted *pro hac vice*)
Hilary F. Korman (admitted *pro hac vice)*
BLANK ROME LLP
1271 Avenue of the Americas
New York, NY 10020
Tel: (212) 885-5345
Fax: (917) 332-3854
Andrew.Hambelton@BlankRome.com
Hilary.Korman@BlankRome.com

*Counsel for Equinox Clarendon, Inc.*